## HENDRICKS v. HENDRICKS.

No. 5629. Decided March 6, 1937. (65 P. [2d] 642.)

For original opinion, see 91 Utah 553, 63 P. (2d) 277.

*Thatcher & Young,* of Ogden for appellant.

*Irvine, Skeen & Thurman,* of Salt Lake City, for respondent.

PER CURIAM.

A petition for rehearing has been filed in this cause. The only ground set out for the rehearing is that the court, in deciding the case, failed to take into consideration a motion filed in this court on the 2d day of April, 1935, asking allowance of court costs and attorney's fees. At that time an order was made allowing the sum of $25 to defray the expense of printing the brief on appeal. It was ordered that the motion for attorney's fees should await disposal of the cause upon its merits. When the matter was argued to the court on merits, the question of attorney's fees was not mentioned. The matter was therefore considered upon the record of the trial, assignments of error, and briefs of the parties, and the fact that the motion for attorney's fees had been filed was overlooked.

The case is reported in 91 Utah 553, 63 P. (2d) 277. There is a full statement of facts, the origin of the cause, and the proceedings to be found in the opinion heretofore rendered. It does appear, however, and might be further stated, that this action was appealed by the defendant and appellant, the husband, from a judgment when he was in arrears of alimony, seeking a modification of the decree. Counter affidavits were filed and he was found to be in contempt of court and certain orders were made as indicated in the principal opinion. Our statute, section 40-3-3, Rev. St. 1933, provides:

"The court may order either party to pay to the clerk a sum of money for the separate support and maintenance of the adverse party

and the children, and to enable such party to prosecute or defend the action."

At the time the action for modification of the decree was filed, the husband was in arrears and the wife was under the necessity of defending the action which he brought, and while the matter was reversed in this court, it does not relieve the respondent from the liability.

The court is of the opinion that the wife, Ethelyn B. Hendricks, plaintiff and respondent, should be allowed as costs for her defense of the action in this court, including her attorney's fees, the further sum of $100. The order of the court heretofore made is modified to that effect; otherwise the opinion remains as written.

The petition for rehearing is denied.